Nos. 24-13581, 24-13583

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Movant-Appellant*,

UNITED STATES *ex rel.* CLARISSA ZAFIROV,
*Plaintiff-Appellant*,

vs.

FLORIDA MEDICAL ASSOCIATES, LLC, d.b.a. VIPCARE; PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,
*Defendants-Appellees*,

PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC, et al.,
*Defendants.*

On Appeal from the United States District Court for the Middle District of Florida, No. 8:19-cv-01236-KKM-SPF, Hon. Kathryn Kimball Mizelle

## UNOPPOSED MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA TO ENLARGE ORAL ARGUMENT TIME AND PARTICIPATE IN ORAL ARGUMENT

BRIAN A. KULP
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ANDREW R. VARCOE
JANET GALERIA
MARIEL A. BROOKINS
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062

STEVEN A. ENGEL
  *Counsel of Record*
MICHAEL H. MCGINLEY
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
(202) 261-3369
steven.engel@dechert.com

J. CARTER ANDERSEN
HAROLD DOUGLAS HOLDER III
BUSH ROSS, P.A.
1801 North Highland Ave.
Tampa, FL 33602

*Counsel for the Chamber of Commerce of the United States of America*

Nos. 24-13581, 24-13583
*United States ex rel. Zafirov v. Florida Medical Associates, et al.*
*United States v. Florida Medical Associates, et al.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, I hereby certify that the following persons and entities have an interest in the outcome of this appeal:

Aimonetti, Justin W.

Andersen, J. Carter

Brookins, Mariel A.

Bush Ross, P.A.

Chamber of Commerce of the United States of America

Dechert LLP

Engel, Steven A.

Galeria, Janet

Holder, Harold Douglas III

Kulp, Brian A.

McGinley, Michael H.

U.S. Chamber Litigation Center

Varcoe, Andrew R.

The Chamber of Commerce of the United States of America ("Chamber") is a nonprofit, tax-exempt organization incorporated in the District of Columbia. The

Nos. 24-13581, 24-13583
*United States ex rel. Zafirov v. Florida Medical Associates, et al.*
*United States v. Florida Medical Associates, et al.*

Chamber has no parent corporation, and no publicly held company has 10% or greater ownership in the Chamber.

I am unaware of any other person or entity that has an interest in the outcome of this appeal, other than those listed in the prior party and *amicus curiae* briefs filed in this matter.

Dated: September 4, 2025

/s/ *Steven A. Engel*
Steven A. Engel
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
(202) 261-3369
steven.engel@dechert.com

*Counsel of record for* Amicus Curiae

The Chamber of Commerce of the United States of America (the "Chamber") respectfully seeks leave to participate as *amicus curiae* in this Court's scheduled oral argument for the above-captioned matter. Specifically, the Chamber requests that oral argument be enlarged by 5 minutes for each side and that the Chamber receive 5 minutes of argument time. Each side will therefore have 20 minutes of total argument time, with 20 minutes split between Appellants, 15 minutes to Appellees, and 5 minutes to the Chamber. Appellees have consented to the Chamber's motion, and Appellants take no position on the request.

1. In the District Court, Defendants-Appellees moved for judgment on the pleadings, arguing that the False Claims Act's ("FCA's") *qui tam* provisions violate Article II of the Constitution. *See* ECF 180.

2. Shortly after Defendants filed their motion, the Chamber requested leave to file an *amicus curiae* brief in support of Defendants' position. *See* ECF 187. The District Court granted that motion. *See* ECF 191.

3. The District Court subsequently scheduled oral argument, and it granted the Chamber's motion to enlarge the total argument time and participate in oral argument. *See* ECF 208. The Chamber's counsel then participated extensively during oral argument before the District Court. *See* ECF 345 at 28–53, 175–78. And the District Court invited the Chamber to file a supplemental *amicus* brief alongside the parties' supplemental briefing. *See* ECF 240 (order); ECF 262 (brief).

4. The District Court ultimately granted Defendants' motion for judgment on the pleadings, holding that *qui tam* lawsuits violate Article II because they "permit[] unaccountable, unsworn, private actors to exercise core executive power with substantial consequences to members of the public." ECF 346 at 51. Both the Plaintiff and the Government appealed. *See* ECF 349, 350.

5. Before this Court, the Chamber submitted another *amicus* brief in support of Defendants, highlighting a bevy of historical sources and precedents that show why *qui tam* lawsuits violate Article II several times over. *See* Dkt. 101.

6. Argument in this case is tentatively scheduled for the week of December 8, 2025. *See* Dkt. 141. This Court's default time limit for argument is typically 15 minutes per side.

7. The Chamber respectfully requests that this Court enlarge argument time by a short period, as the District Court did, to permit the Chamber's participation. Whether the FCA's *qui tam* provisions violate Article II presents "complex questions" of first impression in this Circuit. *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 452 (2023) (Thomas, J. dissenting). And the Chamber has a strong interest in addressing this issue, given the nationwide impact that relator-driven FCA litigation has on its members. The prospect of bounties under the FCA has led to hundreds of *qui tam* filings per year against the Chamber's members and other defendants. And even meritless cases

2

can be used to extract enormous settlements. The *qui tam* device has thus harmed businesses across nearly every sector of the economy.

8. Although Defendants have forcefully explained why existing precedent compels a ruling in their favor, the Chamber believes that its participation in an enlarged oral argument may be of further assistance to the Court in addressing these complex questions. Like its briefs in the District Court, the Chamber's *amicus* brief in this Court drew on a wide array of historical sources to show that the FCA's *qui tam* provisions conflict with the original meaning of Article II's text. *See* Dkt. 101. And the Chamber and its counsel have a deep familiarity with the original understanding of Article II, the history of *qui tam* laws, and the Department of Justice's evolving views on these matters. As the world's largest business federation, the Chamber is well-positioned to explain why the FCA's transfer of core executive power to private hands has exacted a substantial economic toll on businesses nationwide.

9. For these reasons, the Chamber respectfully requests that the Court enlarge the total time for oral argument to 20 minutes per side and provide the Chamber with 5 minutes to present its arguments to the Court.

|  | Respectfully submitted, |
|---|---|
|  | */s/ Steven A. Engel* |
| BRIAN A. KULP | STEVEN A. ENGEL |
| DECHERT LLP | *Counsel of Record* |
| Cira Centre | MICHAEL H. MCGINLEY |
| 2929 Arch Street | DECHERT LLP |
| Philadelphia, PA 19104 | 1900 K Street, NW |
|  | Washington, DC 20006 |
| ANDREW R. VARCOE | (202) 261-3369 |
| JANET GALERIA | steven.engel@dechert.com |
| MARIEL A. BROOKINS |  |
| U.S. CHAMBER LITIGATION | J. CARTER ANDERSEN |
| CENTER | HAROLD DOUGLAS HOLDER III |
| 1615 H Street, NW | BUSH ROSS, P.A. |
| Washington, DC 20062 | 1801 North Highland Ave. |
|  | Tampa, FL 33602 |

*Counsel for* Amicus Curiae
*The Chamber of Commerce of the United States of America*

September 4, 2025

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2), I hereby certify that the foregoing motion contains 677 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 32(f). This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: September 4, 2025                    */s/ Steven A. Engel*
                                                                           Steven A. Engel

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing motion with the Clerk of Court of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 4, 2025                    */s/ Steven A. Engel*
                                                             Steven A. Engel